DLD-250                                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2632
_____

YASSIN HAYTHAME MOHAMAD,
Appellant

v.

MICHAEL C. BARONE, Superintendent; EDWARD J. WOJCIK, Deputy for Facility
Management; KURT GRANLUND, Deputy for Centralized Services; OVERMYER,
Major of Security; CAPTAIN IRELAND
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 1-09-cv-00316)
District Judge:  Honorable Maureen P. Kelly
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 9, 2012

Before: AMBRO, JORDAN and VANASKIE, Circuit Judges

(Opinion filed: August 27, 2012 )
_____

OPINION
_____

PER CURIAM

Pro se appellant Yassin Haythame Mohamad appeals the District Court's orders

denying injunctive relief and granting defendants' motion for summary judgment.

Because this appeal is legally meritless, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I.

In December 2009 Mohamad, then an inmate at State Correctional Institution at Forest, filed a complaint against prison personnel alleging violations of his First, Eighth, and Fourteenth Amendment rights. He alleged the use of painful, unnecessary, and excessive force against him in connection with his placement in a restraint chair, naked, for twenty-four hours in March 2009. The force in question was applied, defendants showed, immediately after he left his cell without authorization, retrieved items from other cells, refused repeated orders to return to his cell and lie down so that he could be searched, and belligerently invited a confrontation with prison personnel. Defendants moved for summary judgment. Mohamad later sought injunctive relief through a "Motion for Defendants Including Their Attorney to Cease Retaliation and Have Plaintiff's Legal and Personal Property Returned." This motion arose from a January 2012 incident in which Mohamad threatened war upon prison staff and was consequently removed from his normal cell, which was found to contain various dangerous weapons and other contraband including bottles of feces. The District Court granted defendants' motion and denied Mohamad's. Mohamad now appeals.

## II.

We have jurisdiction under 28 U.S.C. § 1291. Our review of orders granting summary judgment is plenary. State Auto Prop. & Cas. Ins. Co. v. Pro Design, P.C., 566

2

F.3d 86, 89 (3d Cir. 2009).  We review the denial of injunctive relief for abuse of discretion but we review underlying factual findings for clear error, and our review of legal conclusions is plenary.  Am. Express Travel Related Servs., Inc. v. Sidamon-Eristoff, 669 F.3d 359, 366 (3d Cir. 2012).  Because Mohamad is proceeding in forma pauperis, we must dismiss the appeal if it is entirely without legal merit.  28 U.S.C. § 1915(e)(2)(B).

A party moving for summary judgment must show that there exists no real issue as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  On appeal from an order granting a motion to dismiss or for summary judgment, we view the facts in the light most favorable to the nonmoving party, Brown v. Croak, 312 F.3d 109, 112 (3d Cir. 2002), but the party opposing summary judgment "may not rest upon . . . mere allegations."  Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001).  We agree with the District Court that defendants showed that there was no genuine dispute as to any material fact with respect to any of Mohamad's claims against them.

III.

The standard to evaluate whether prison authorities' use of force is cruel and unusual is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  Hudson v. McMillan, 503 U.S. 1, 6-7 (1992).  The factors a court must consider to determine this are (1) the need to apply force; (2) the relationship between the need and amount of force used; (3) the

3

degree of injury meted out; (4) the extent of the threat to the staff and inmate safety, as reasonably perceived by the responsible officials based on subjectively known facts; and (5) any efforts made to mitigate the severity of a forceful response. Giles v. Kearney, 571 F.3d 318, 326 (3d Cir. 2009). The District Court rigorously applied these factors and determined that defendants showed, through a variety of evidence including misconduct records and digital video recordings of his behavior, that Mohamad had a history of threatening and assaultive behavior, and that on the occasion in question he exited his cell; reached into other cells, which gave prison personnel reason to believe he may have retrieved contraband; behaved belligerently; and refused repeated orders to lie on the floor after refusing to return to his cell. Mohamad offered no evidence suggesting defendants used any more force than was necessary in restraining him, or that they used force maliciously and sadistically. Mohamad provided no basis for contesting the defendants' contention that they asserted bodily control over, and subsequently searched and restrained, Mohamad to defuse an escalating situation in a good-faith effort to restore discipline.

During Mohamad's time in the restraint chair, he was deprived of clothing apart from a sheet over his lap; he was not, however, deprived of food, shelter, medical care, or safety. The Eighth Amendment is violated when prison officials fail to provide "humane conditions of confinement." Farmer v. Brennan, 511 U.S. 825, 832 (1994). Prison officials must not show deliberate indifference to a known substantial risk of serious harm to an inmate. Id. at 828-29. Prison officials must ensure that inmates get enough

4

food, clothing, shelter, and medical care, and they must take reasonable measures to assure inmates' safety. Id. at 832. An alleged deprivation violates the Eighth Amendment when it denies "the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Defendants showed that a registered nurse continually monitored Mohamad and found no harm beyond mild edema just before and after his release from the restraint chair, that Mohamad's subsequent grievances never mentioned any risk to his health as a result of his restraint, and that during his restraint his cardiovascular functioning was normal and repeatedly monitored to ensure that blood flow was not restricted. Mohamad claimed that a cardiovascular condition that developed two years later was the result of his restraint in the chair, but the medical records he provides neither suggest a link between his restraint and his condition nor mention his health condition prior to that diagnosis. Mohamad offers only bare assertions to support his conditions-of-confinement claim in answer to defendants' plentiful evidence that they were not deliberately indifferent to his safety or medical needs.

Mohamad makes summary allegations that his placement in the restraint chair was retaliatory and lacking in due process, in violation of his First and Fourteenth Amendment rights. He claims that his behavior was appropriate and within prison rules, and that his conduct did not justify restraint. Defendants' evidence, including digital video recordings, plainly shows the falsity of these claims. Mohamad can be seen repeatedly disobeying orders to return to his cell and close the door. He can also be seen retrieving an item from another cell and indicating that guards should "bring it"—in other

5

words, he was looking for a fight.  The District Court correctly noted that Mohamad's allegations of due process violations related to excessive force, conditions of confinement, and his medical care during his restraint are properly addressed through the Eighth Amendment.  Albright v. Oliver, 510 U.S. 266, 273 (1994).   The District Court also correctly noted that to the extent Mohamad alleges he was restrained in retaliation for his having filed a prior lawsuit, he has failed to offer the necessary evidence that defendants' actions arose from a retaliatory motive.  Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001).  In sum, we agree with the District Court that the only reason prison authorities used force and restrained him was his own conduct.

For similar reasons, we conclude that the District Court did not abuse its discretion in denying Mohamad injunctive relief.  We agree that Mohamad's threats of war upon prison staff, coupled with the subsequent discovery in his cell of various weapons and other contraband including bottles of feces, render the disciplinary conditions now imposed upon him, including his placement in the restricted housing unit, more than reasonable.  He is not restricted from the law library, and he has access to legal documents.

IV.

Accordingly, this appeal is dismissed for want of legal merit.

6